UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRELL KEMPLE MOORE,

        Petitioner,

                                              File No. 1:14-cv-558

v.

                                              HON. PAUL L. MALONEY

CARMEN PALMER,

        Respondent.

                                /

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

This is an action for relief under 28 U.S.C. § 2254. On May 24, 2017, Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R") recommending that petition be denied. This matter is before the Court on Petitioner's objections to the R&R. (ECF No. 17.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

<u>Preliminary Objection</u>

Petitioner implies that it was improper for the magistrate judge to deny his motion to stay his proceedings so that he could exhaust his unexhausted claims in state court. Petitioner claims that he attempted to show cause for his failure to exhaust, including the fact that a "fundamental[ly] unjust

incarceration will occur[.]" (Objections, ECF No. 17, PageID.1947.) He also asserts that, notwithstanding the Court's order requiring him to show cause for obtaining a stay, he believed that submitting a motion in state court and submitting newly discovered evidence would automatically "stop the clock" (i.e., toll the statute of limitations).

The potential merit of Petitioner's unexhausted claims does not explain why he failed to raise them in state court before bringing his petition for relief in this court. And his ignorance of the law is not legally sufficient to excuse that failure. *See Miller v. Webb*, 74 F. App'x 480, 482 (6th Cir. 2003). Moreover, even if Petitioner had established cause for failing to present his unexhausted claims in state court, he would not be entitled to a stay because, as the magistrate judge determined in his order denying Petitioner's motion to stay, Petitioner's unexhausted claims are plainly meritless. (Order Denying Motion for a Stay and Abeyance, ECF No. 13, PageID.1916.) *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that a district court would abuse its discretion to grant a stay to allow exhaustion of claims that are "plainly meritless"). The magistrate judge also found that Petitioner failed to comply with the order requiring him to show cause why he was entitled to a stay. He did not respond to it within the time period required by the order. Accordingly, the magistrate judge properly determined that Petitioner effectively abandoned his unexhausted claims by failing to show cause for obtaining a stay and by failing to comply with the order requiring him to do so.

Petitioner also asserts that he is actually innocent, but he fails to present any evidence supporting this assertion. Moreover, even if actual innocence excused his failure to exhaust his claims in state court, it does not excuse his failure to respond to the order to show cause in a timely manner. Nor does it change the fact that his unexhausted claims are plainly meritless. Thus, the

magistrate judge properly determined that Petitioner is not entitled to relief under his unexhausted claims.

### Objection 1

Petitioner objects to the denial of his claim in Ground I regarding the admission of a recording of a call between him and another individual. Petitioner ostensibly contends that this evidence violated a cautionary instruction given by the trial court because it alluded to a prior conviction for assault with intent to murder. However, the admission of evidence contrary to a cautionary instruction by the trial court is not a constitutional violation and does not, in itself, give rise to relief under § 2254. Moreover, the Court agrees with the magistrate judge that the admission of this evidence was harmless in light of the other evidence of Petitioner's guilt, including the testimony of three eyewitnesses.

### Objection 2

With regard to Petitioner's claim in Ground II that the court failed to give an instruction on an alibi defense, Petitioner now claims that his attorney was ineffective in failing to investigate and produce alibi witnesses for trial. Petitioner did not raise a claim of ineffective assistance of counsel in this proceeding, however. Thus, the issue is not properly before the Court.

### Objection 3

Regarding Petitioner's challenge in Ground III to the verdict form used at trial, he claims that his unexhausted claims and certain newly discovered evidence can shed new light on this issue and on his claim of ineffective assistance of counsel (a claim that he did not raise in his petition). He does not elaborate on his argument. Indeed, the verdict form speaks for itself. The Court finds no error in the magistrate judge's analysis of Ground III.

Objection 4

Petitioner reasserts his claim in Ground IV that the trial court's instructions regarding attempted larceny were unclear. The Court finds no error in the state court's opinion rejecting this argument, or in the magistrate judge's decision rejecting this claim under the standard in § 2254.

Objection 5

Petitioner also reasserts his claim in Ground V that the evidence was insufficient to convict him. The Court discerns no error in the magistrate judge's conclusion that Petitioner cannot surmount the doubly deferential standard required by § 2254.

Objection 6

Petitioner claims that he was surprised by the magistrate judge's conclusion that he failed to exhaust his remedies as to Grounds VI and VII; Petitioner alleges that he filed a motion for relief in state court under Rule 6.500 of the Michigan Court Rules. But even if he did exhaust these claims, he did not follow the Court's order requiring him to show cause for a stay. Thus, he abandoned them. Moreover, the claims are meritless for the reasons explained by the magistrate judge.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the May 24, 2017, R&R (ECF No. 16) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** for the reasons stated in the R&R.

Date: June 30, 2017   /s/ Paul L. Maloney
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE